(No. 4292-⬛⬛⬛⬛⬛⬛⬛⬛

MYRL LEONARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

GILLESPIE, BURKE AND GILLESPIE, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Myrl Leonard, was employed by the State of Illinois, Department of Public Welfare, as Chief Nurse in the East Moline Hospital, and was so employed for approximately 39 years. On July 22, 1949 she sustained an injury, and at that time she was 60 years of age, had no dependent children, and was earning $402.00 per month. Her earnings for the year immediately preceding the injury were $4,119.74.

No jurisdictional questions are raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of employment.

On July 22, 1949 the claimant, while in the course of her duties as Chief Nurse, and in making a routine inspection of Shafner Cottage, was injured as a result of falling into an excavation in the basement of said cottage; and, as a result of the fall, sustained a comminuted fracture of the right tibia and fibula approximately three inches below the knee. She was hospitalized immediately, and was attended by Dr. Graham of Moline, Illinois. Her leg was in traction for 33 days, and she was hospitalized until December 18, 1949, a period of approximately 5 months. There is no evidence in the record that she has yet returned to work.

During the period of claimant's disability, she re-

ceived one month's salary of $402.00, and five months at 60 per cent of $402.00, making the total payments in the amount of $1,608.00.

The evidence in this case shows that the claimant suffered a rather severe injury to her right leg as a result of the fall. The medical testimony, and the examination made at the hearing on August 1, 1950 indicated a permanent partial disability of her leg.

Under the Compensation Act she would be entitled to 64 weeks for temporary total disability at $22.50 per week, making a total award of temporary total disability of $1,440.00. She has already received $1,608.00, so there is an overpayment of $168.00.

From the evidence in the record, the Court concludes that the claimant is entitled to 50 per cent loss of the use of the right leg, which would make an award of 95 weeks at $22.50 per week, or $2,137.50.

The proceedings were reported by Hugo Antonacci, 503 Ill. National Bank Bldg., Springfield, Illinois. He has submitted a statement in the amount of $49.30 for stenographic services, which the Court finds to be reasonable.

On the basis of the record, we make the following award:

For the permanent partial specific loss of use of the right leg, claimant is entitled to an award of $2,137.50 for 50 per cent loss of use of the right leg, or a period of 95 weeks at $22.50 per week. From this should be deducted the overpayment of $168.00 making a net award of $1,969.50, of which $34.50 has accrued, leaving a balance of $1,935.00 payable in weekly installments of $22.50 per week, commencing on December 23, 1950 for a period of 86 weeks.

An award is entered in favor of Hugo Antonacci

for the report of the proceedings in the amount of $49.30, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."